IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **JOHNNY GARZA and LISA GARZA,** § § § | |
| Plaintiffs, § § | |
| v. § § | Civil Action No. 4:14-cv-553-O |
| **BANK OF AMERICA, N.A.,** § § § | |
| Defendant. § § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Defendant's Motion to Dismiss (ECF No. 5), filed July 25, 2014; Plaintiffs' Response (ECF No. 11), filed August 29, 2014; and Defendant's Reply (ECF No. 13), filed September 12, 2014. Having reviewed the motion, the pleadings, and the applicable law, the Court finds that it should be and is hereby **GRANTED**.

**I.    BACKGROUND**

In May 2010, Plaintiff took out a mortgage in the amount of $167,254 to purchase property in Fort Worth, Texas. *See* Notice Removal Ex. A (Original Pet.) ¶¶ 7-8, ECF No. 1-1. After Defendant threatened to foreclose on the property, Plaintiff sought a loan modification with Defendant, but Defendant has neither approved nor denied Plaintiff's application. *Id.* at ¶¶ 10-13. In the meantime, Defendant has continued to threaten foreclosure. *Id.* at ¶ 14.

Plaintiffs brought the instant action in state court in Tarrant County, Texas, on June 26, 2014. *Id.* Defendant removed the action to this Court on July 18, 2014, based on diversity of citizenship. *See generally* Notice Removal, ECF No. 1. Plaintiffs assert the following causes of action: (1)

common-law fraud[1]; (2) breach of contract; and (3) anticipatory breach of contract. *See id.* Original Pet., ECF No. 1-1. Additionally, Plaintiffs seek injunctive relief to bar any foreclosure proceedings. *Id.* at ¶ 23. On July 25, 2014, Defendant filed its motion to dismiss all claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant provided the Court a copy of the Deed of Trust signed by Plaintiffs (Def.'s Mot. Dismiss Ex. A, ECF No. 5-2), a copy of the Promissory Note signed by Plaintiff Johnny Garza (Def.'s Mot. Dismiss Ex. B, ECF No. 5-2), and a copy of the Assignment to Defendant (Def.'s Mot. Dismiss Ex. C, ECF No. 5-2). The motion has been fully briefed and is ripe for adjudication.

## II.   LEGAL STANDARD

A defendant may file a motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

---

[1] Plaintiffs have since abandoned their claim for fraud, so the Court will not address this cause of action. *See* Pls.' Resp. Mot. Dismiss ¶ 12, ECF No. 11.

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678-79. When there are well-pleaded factual allegations, the Court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

"When a complaint fails to adequately state a claim, such deficiency should be 'exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Prewitt v. Continental Automotive*, 927 F. Supp. 2d 435, 443 (W.D. Tex. 2013) (quoting *Twombly*, 550 U.S. at 558). Courts should, however, give the plaintiff at least one chance to amend a complaint before dismissing the action with prejudice. *Id.* (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)).

### III. ANALYSIS

Plaintiffs assert causes of action for breach of contract and anticipatory breach of contract, seeking injunctive relief from this Court. *See* Original Pet., ECF No. 1-1. Defendant seeks dismissal of all of Plaintiff's claims under Rule 12(b)(6). *See generally* Def.'s Mot. Dismiss, ECF No. 5. The Court limits its analysis to the Original Petition and those documents central to the claims. *See Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). Accordingly, the Court addresses each ground for relief in turn.

#### A. Breach of Contract

The elements of a breach of contract action are: "(1) the existence of a valid contract; (2) performance or tender of performance; (3) breach by the defendant; and (4) damages resulting from the breach." *Oliphant Fin., LLC v. Galaviz*, 299 S.W.3d 829, 834 (Tex. App.—Dallas 2009, no pet.) (citing *Hussong v. Schwan's Sales Enters., Inc.*, 896 S.W.2d 320, 326 (Tex. App.—Houston [1st Dist.] 1995, no writ)). The Court struggles to decipher Plaintiffs' breach of contract claim. Assuming Plaintiffs considered the loan modification application a contract, the Court disagrees. Defendant did not enter into a valid contract with Plaintiffs upon a modification of the loan. Thus, the loan modification application does not constitute a valid contract. Assuming Plaintiffs referred to the mortgage as the contract, the Court understands that Plaintiffs defaulted on the note before Defendant threatened to initiate foreclosure proceedings. Plaintiffs have not stated that they performed under the contract. Therefore, the Court finds that Plaintiffs' have not adequately stated a claim for breach of contract.

**B.      Anticipatory Breach of Contract**

Under Texas law, to state a claim for anticipatory breach of contract, the plaintiff must show (1) absolute repudiation of the obligation; (2) lack of just excuse for repudiation; and (3) damage to the non-repudiating party. *Taylor Pub. Co. v. Sys. Mktg. Inc.*, 686 S.W.2d 213, 217 (Tex. App.—Dallas 1984, writ ref'd n.r.e.). Because Plaintiffs defaulted on the note prior to foreclosure proceedings, Defendant has provided a just excuse for initiating the foreclosure. Furthermore, Defendant is under no obligation to favorably modify Plaintiffs' note. Similar to the breach of contract claim discussed above, Plaintiffs have not indicated in the Original Petition that they performed under the contract. Therefore, the Court finds that Plaintiffs' have not adequately stated a claim for anticipatory breach of contract.

### C.     Injunctive Relief

In the absence of a viable substantive claim, Plaintiffs' request for injunctive relief is without merit.

## IV.    CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant's Motion to Dismiss (ECF No. 5), and Plaintiffs' claims are **DISMISSED without prejudice**. Plaintiffs request leave to amend. Therefore, they have until October 27, 2014 to amend to cure these deficiencies. Failure to do so will result in this case being dismissed with prejudice.

**SO ORDERED** on this **17th day** of **October, 2014.**

_Reed O'Connor_
**UNITED STATES DISTRICT JUDGE**